{¶ 13} I respectfully dissent from the decision reached by the majority that would vacate the jury conviction on the basis of insufficient evidence. The standard on review compels us to examine the evidence admitted at trial to determine whether such evidence, ifbelieved, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Thus, we must view the evidence in a light most favorable to the prosecution. Id.
 {¶ 14} I find State v. Duganitz (1991), 76 Ohio App.3d 363
distinguishable from the facts of this case. In Duganitz, this Court found that the evidence failed to disclose any evidence demonstrating that the defendant had exercised dominion or control over a weapon located underneath a blanket on the front seat of a car driven by the defendant. However, in reaching this determination, the court found significant the following facts: (1) the vehicle was not registered to the defendant and (2) that at least one minute passed during which the passenger was in the vehicle alone.
 {¶ 15} The evidence in this case stands in stark contrast to that considered significant by this Court in Duganitz. In this case, the defendant owned the vehicle and, more significantly, the passenger was never alone in the vehicle without the presence of the defendant.
 {¶ 16} The State presented the testimony of the arresting officer indicating that the defendant could have exercised control over the crack cocaine found near the transmission hump:
 {¶ 17} "Q: Okay, could you say that they, those items, the crack cocaine that you recovered from the transmission hump, were within arms' reach of the driver?
 {¶ 18} "A: It appeared so." (Tr. 273).
 {¶ 19} On cross-examination, the officer confirmed the defendant's ability to exercise dominion and control over the drugs near the transmission hump:
 {¶ 20} "Q: For a driver driving a truck those two other rocks that were on the transmission hub you might be able to reach down to get them but you would have to leave the driver seat to reach down over into the passenger area over the hub to get those two rocks?
 {¶ 21} "A: If you're getting them, but if you were dropping them there, you wouldn't have to reach down on the floor to get them.
 {¶ 22} "* * *
 {¶ 23} "A: I mean it's not impossible. All you have to do is just reach down." (Tr. 290-291).
 {¶ 24} The evidence reveals that the officers initially observed the defendant driver parked in the middle of the street with the passenger. The defendant only began to drive when the officers approached the vehicle. Accordingly, a rationale trier of fact could conclude that the defendant exercised possession prior to driving. The testimony also establishes that the defendant allegedly had the ability to drop the drugs in that location while driving. (Tr. 291). Accordingly, a rationale trier of fact could further conclude that the defendant exercised possession over the drugs in this manner.
 {¶ 25} For the foregoing reasons, I would overrule defendant's first assignment of error.